**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JERITON LAVAR CURRY, | : | Civil No. 3:26-cv-1606 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| WARDEN CARLTON, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

On June 5, 2026, Plaintiff Jeriton Lavar Curry ("Curry"), an inmate currently housed at the Federal Correctional Institution, Florence, Colorado ("FCI-Florence"), commenced this *pro se* civil rights action. (Doc. 1). Named as Defendants are Warden Carlton, at the United States Penitentiary, Coleman II, Florida; Warden Garza, at the United States Penitentiary, Canaan, Pennsylvania ("USP-Canaan"); Counselor Maiolatesi, at USP-Canaan; and the Federal Bureau of Prisons ("BOP"). (*Id.*).

Curry alleges that Warden Carlton violated his Eighth Amendment rights by transferring him to a United States Penitentiary "for no justifiable reason." (Doc. 1, at 2). He alleges that Warden Garza knew that he should not be housed in general population and violated his Eighth Amendment rights by failing to protect him from harm, and that Counselor Maiolatesi failed to protect him from harm and retaliated against him for filing a

grievance. (*Id.* at 2-3). Curry also alleges that the BOP misclassified him under the Walsh Act.[1] (*Id.* at 1).

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).[2] For the reasons set forth below, the action against Warden Carlton will be dismissed without prejudice for lack of personal jurisdiction and because venue is improper in this district.

## II. Discussion

### A. Personal Jurisdiction

The Court finds that it lacks personal jurisdiction over Warden Carlton, the Warden at the United States Penitentiary, Coleman II, Florida. In determining whether this Court may exercise personal jurisdiction over an out-of-state defendant, the Court engages in a two-part inquiry. *See Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010). First, the Court considers whether a statutory basis for jurisdiction exists under the forum state's long-arm statute.[3] *See Walden v. Fiore*, 571 U.S. 277, 283 (2014)

---

[1] The BOP's designation refers to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, which "establishes a comprehensive national system for the registration of [sex] offenders" and permits federal courts to civilly commit those offenders who are deemed "sexually dangerous person[s]." 18 U.S.C. § 4248(a); 34 U.S.C.A. § 20901.

[2] Federal law requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

[3] *See* 42 Pa.C.S.A. § 5322, Pennsylvania's long-arm statute (establishing a basis for jurisdiction over out-of-state defendants).

("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). Second, the Court considers whether the defendant has minimum contacts with the forum state that are sufficient to satisfy constitutional due process requirements.[4] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

Assuming arguendo that the long-arm statute permits the exercise of personal jurisdiction over Warden Carlton, Curry has not alleged any facts suggesting that Warden Carlton is subject to general personal jurisdiction in Pennsylvania, and he has not alleged the minimum contacts necessary to support a finding of specific personal jurisdiction consistent with due process. *See Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 202 (3d Cir. 1998) ("We cannot presume that jurisdiction is proper simply because the requirements of a long-arm statute have been met.").

With respect to specific personal jurisdiction, the inquiry "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 284 (describing the specific jurisdiction analysis as a "defendant-focused 'minimum contacts' inquiry"). Generally, this inquiry requires consideration of the following factors in evaluating whether a

---

[4] The due process clause requires that a defendant have "certain minimum contacts…such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Walden v. Fiore,* 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two types of minimum contacts: general personal jurisdiction and specific personal jurisdiction. General personal jurisdiction requires "continuous and systematic" contacts with the forum state such that a defendant may be sued in that state for any reason, regardless of where the relevant conduct occurred. *Helicopteros Nacionales v. Hall,* 466 U.S. 408, 416 (1984). Specific personal jurisdiction requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state. *Id.* at 414-15.

defendant is subject to specific personal jurisdiction: (1) whether the defendant "purposefully directed its activities at the forum;" (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) if the first two requirements are met, whether the exercise of jurisdiction otherwise "comports with traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (alterations and citation omitted).

Based on the allegations of the complaint, Warden Carlton did not have any contacts with Pennsylvania and thus does not satisfy the "defendant-focused" minimum contacts requirement. *See Walden*, 571 U.S. at 284. Curry only alleges that Warden Carlton transferred him to a United States Penitentiary—he does not even allege that the United States Penitentiary was in Pennsylvania or the Middle District of Pennsylvania. (Doc. 1, at 2). And there are no allegations suggesting that Warden Carlton "purposefully directed" activities towards this forum. *O'Connor*, 496 F.3d at 317. There are simply no allegations of any acts or contacts that Warden Carlton had with Pennsylvania such that he would reasonably expect to be "haled into court" in Pennsylvania. *World-Wide Volkswagen Corp.*, 444 U.S. at 297. Therefore, the Court finds that it lacks personal jurisdiction over Warden Carlton.

B. <u>Venue</u>

In addition, the Court finds that, with respect to the claims against Warden Carlton, venue is improper in this district.

Section 1406 provides that: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, Section 1406 "applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

The statute governing venue is 28 U.S.C. § 1391, which provides in pertinent part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action...

28 U.S.C. § 1391(e)(1).

Under Section 1391(e)(1)(A), venue is proper where any one of the defendants resides. As stated, Curry has named the following Defendants: Warden Carlton, at the United States Penitentiary, Coleman II, Florida; Warden Garza, at USP-Canaan; Counselor Maiolatesi, at USP-Canaan; and the BOP. As a federal agency, the BOP is considered a resident of the District of Columbia for venue purposes. *See Galindo v. Gonzales*, 550 F. Supp. 2d 115, 117 (D.D.C. 2008); *Knight v. Corp. for Nat'l & Cmty. Serv.*, 2004 WL 2415079, at *5 (E.D. Pa. Oct. 28, 2004) ("[A] federal agency does not reside in a state for purposes of the venue statute merely because it has an office in that state. Instead, a

federal agency sued in its own name is considered a resident of the District of Columbia only.") (citation, footnote, and internal quotation marks omitted). As federal officers, each of the other defendants is considered to reside in the place where they perform their official duties. *See Nestor v. Hershey*, 425 F.2d 504, 521 n.22 (D.C. Cir. 1969); *Galindo*, 550 F. Supp. 2d at 117; *Knight*, 2004 WL 2415079, at *6. Thus, Warden Carlton is considered a resident of the Middle District of Florida, and Warden Garza and Counselor Maiolatesi are considered residents of the Middle District of Pennsylvania. Thus, venue is potentially proper in any of these districts under Section 1391(e)(1)(A).

Under Section 1391(e)(1)(B), the events or omissions giving rise to the claims against Warden Carlton occurred at USP-Coleman II, in Sumter County, Florida, which is located within the territorial boundaries of the Middle District of Florida. Thus, venue is potentially proper in the Middle District of Florida under Section 1391(e)(1)(B).

Under Section 1391(e)(1)(C), venue is proper where the plaintiff resides. Based on complaint, Curry's residence is unclear. Curry is currently housed at FCI-Florence, in Florence, Colorado. Some federal courts might find that Curry resides at his place of incarceration in the District of Colorado. *See Kohut v. Henkel*, 574 F. Supp. 568, 570 (W.D. Pa. 1983) (a prisoner has his residence at his place of confinement for venue purposes). However, the Third Circuit Court of Appeals has held that, for venue purposes, prisoners "generally are deemed to be residents, not of their place of incarceration, but of their place of domicile immediately before their incarceration." *Keys v. Dep't of Justice*, 288 F. App'x

863, 866 (3d Cir. 2008) (*per curiam*). The complaint does not indicate Curry's pre-incarceration domicile. The Court notes that Curry's federal incarceration originated with a federal conviction in the Western District of North Carolina, and it is possible that he was a resident there at the time of the offense. *See United States v. Curry*, No. 3:16-cr-74 (W.D.N.C.). Thus, venue is potentially proper in the District of Colorado or the Western District of North Carolina under Section 1391(e)(1)(C).

Based on the facts alleged in the complaint and the above discussion, the Court finds that venue is improper in this judicial district with respect to the claims against Warden Carlton. Whether to dismiss or transfer a case is within the broad discretion of the district court. *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001). Because it is not entirely clear where proper venue may lie, the Court will dismiss the claims against Warden Carlton without prejudice, rather than transfer it to another judicial district.

## III. <u>Conclusion</u>

For the foregoing reasons, the Court will dismiss the action against Warden Carlton for lack of personal jurisdiction and because venue in this district is improper. The dismissal will be without prejudice to Curry's right to pursue his claims against Warden Carlton in the proper venue. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 22, 2026