**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JERITON LAVAR CURRY, Plaintiff | : | Civil No. 3:26-cv-1788 |
| v. | : | (Judge Mariani) |
| WARDEN CARLTON, *et al.*, Defendants | : | |

| | | |
|---|---|---|
| JERITON LAVAR CURRY, Plaintiff | : | Civil No. 3:26-cv-1606 |
| v. | : | (Judge Mariani) |
| WARDEN CARLTON, *et al.*, Defendants | : | |

**MEMORANDUM**

On June 5, 2026, Plaintiff Jeriton Lavar Curry ("Curry"), an inmate housed at the Federal Correctional Institution, Florence, Colorado, commenced a *pro se* civil rights action, docketed at 3:26-cv-1606.

On June 22, 2026, Curry filed a near identical case, docketed at 3:26-cv-1788. *See Curry v. Carlton, et al.*, 3:26-cv-1788 (M.D. Pa.).

For the following reasons, the Court will consolidate Curry's cases pursuant to Federal Rule of Civil Procedure 42(a).

## I. Background

Curry filed the instant action (3:26-cv-1606), against now-dismissed Warden Carlton, at the United States Penitentiary, Coleman II, Florida[1]; Warden Garza, at the United States Penitentiary, Canaan, Pennsylvania ("USP-Canaan"); Counselor Maiolatesi, at USP-Canaan; and the Federal Bureau of Prisons ("BOP"). Curry alleges that Warden Garza knew that he should not be housed in general population and violated his Eighth Amendment rights by failing to protect him from harm, and that Counselor Maiolatesi failed to protect him from harm and retaliated against him for filing a grievance. (*Id.* at 2-3). Curry further alleges that the BOP misclassified him under the Walsh Act.[2] (*Id.* at 1).

Curry filed his other action (3:26-cv-1788), against now-dismissed Warden Carlton, Counselor Maiolatesi, and John Doe officers, setting forth essentially the same allegations as those in case number 3:26-cv-1606. *See Curry v. Carlton, et al.*, 3:26-cv-1788 (M.D. Pa.), at Doc. 2. Because the Court received the proper financial documents in case number 3:26-cv-1788, the Court directed service on the Defendants in that action. *Id.* at Doc. 9. The Court still has not received all financial documents in case number 3:26-cv-1606, therefore case number 3:26-cv-1606 will be consolidated into case number 3:26-cv-1788.

---

1 The Court previously dismissed Warden Carlon from this action for lack of personal involvement and improper venue. (Docs. 15, 16) (*See also Curry v. Carlton, et al.*, 3:26-cv-1788, at Docs. 11, 12).

2 The BOP's designation refers to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, which "establishes a comprehensive national system for the registration of [sex] offenders" and permits federal courts to civilly commit those offenders who are deemed "sexually dangerous person[s]." 18 U.S.C. § 4248(a); 34 U.S.C.A. § 20901.

## II. Legal Standard

Federal Rule of Civil Procedure 42(a) provides as follows:

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a). The power given to a federal court to consolidate actions involving a common question of law or fact is purely discretionary. *Watkinson v. Great Atl. & Pac. Tea Co.*, 585 F. Supp. 879, 883 (E.D. Pa. 1984). "In deciding whether to order consolidation, the trial court must balance the probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced or put to extra expense." *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983). Consolidation should be "prudently employed as a valuable and important tool of judicial administration…invoked to expedite trial and eliminate unnecessary repetition and confusion." *Endress v. Gentiva Health Servs., Inc.*, 278 F.R.D. 78, 81 (E.D.N.Y. 2011) (citations omitted).

## III. Discussion

In his two pending actions, Curry's claims against the Defendants are almost identical. In both cases, Curry alleges that Warden Garza violated his Eighth Amendment rights by failing to protect him from harm, and that Counselor Maiolatesi failed to protect him from harm and retaliated against him for filing a grievance. Curry also alleges that the BOP

misclassified him under the Walsh Act and that John Doe officers improperly searched his cell and subjected him to unconstitutional conditions of confinement.

Upon review, the Court finds that the circumstances of the two cases support consolidation. The cases share most of the same Defendants, the fact patterns are the same or similar, and the questions of law are the same. It would be efficient and cost-saving for all parties involved to consolidate the cases, with little if any prejudice to the Defendants.

## IV. Conclusion

Consistent with the foregoing, the Court will consolidate civil action numbers 3:26-cv-1606 and 3:26-cv-1788 for all purposes. The Court will direct the Clerk of Court to close case number 3:26-cv-1606, and this case will proceed at consolidated case number 3:26-cv-1788.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: July 29, 2026